WEST, Administrator, Appellant, v. BAILEY, Administrator, et al.

Division One, May 30, 1906.

1. **WILL: Construction: Gift to Trustees for Daughter: Life Interest.** The will bequeathed $2,500 to named trustees, to be derived by selling certain lands, and required them to invest the sum in real estate as a homestead for testator's daughter, "taking the title to her for and during her natural life, and at her death to the children of her body or their descendants." *Held,* that a decree of the court, construing the will, which directed the administrator to sell the lands " and from the amount derived from the sale he shall set aside the sum of $2,500, which is to be held by him as a trust fund to be paid to said daughter in whole or in part as this court in the future may direct," was erroneous, and in violation of the express requirement of the will, and was not justified by the fact that the persons named as trustees were also the executors.

2. ———: **Trustees and Executors: Merger.** The fact that the same persons who were named as executors were also named as trustees did not merge the trusteeship in the executorship.

3. ———: **Construction.** In construing a will the court should confine itself to that issue, and not trouble itself about the safety of a trust fund created by it.

4. ———: **Administration: Trustees.** An estate is to be administered according to the way the will directs, even though the court may think there is a better way. Where the will gives a fund to certain named trustees to be invested in a certain way, the court should not, in a suit to construe the will, take it out of their hands, and put it in the administrator's hands to be invested as the court may thereafter direct.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,* Judge.

REVERSED AND REMANDED (*with directions*).

*H. J. West* and *T. M. Bresnehen* for appellant.

(1)  The court erred in its construction of the eighth clause of the will.  This bequest creates a trust fund to be invested in a homestead for Mrs. Graves, with title in her for life and remainder to her children and their descendants; and the judgment of the trial court directing the plaintiff to pay this trust fund to her is contrary to the plain terms of the will.  The court does not direct that any part of this legacy be paid to her at this time, but reserves to itself the right hereafter to direct the payment of the whole or any part of it to her, thus not only defeating the intention of the testator that the legacy should be invested in a homestead, but depriving the children of any interest in the legacy.  To so divert this fund not only violates the plain terms of the will as to how the legacy should be invested and preserved for Mrs. Graves, but actually takes from her children and gives to her the bounty that was intended and provided by the testator for them. In order to do this the court must disregard the will of the testator and substitute in its place one made by the court.  The court cannot make a will for the testator; its only power is to construe and carry into effect, as nearly as possible, the will made by him.    Drake v. Crane, 127 Mo. 85;  Garth v. Garth, 139 Mo. 456; Women's Christian Association v. Kansas City, 147 Mo. 103; Clotilde v. Leitz, 157 Mo. 439; RoBards v. Brown, 167 Mo. 447.  (2)  The court erred in undertaking to reserve to itself the right to make other and further orders, judgments and decrees in the cause with reference to the payment of the Graves legacy and the legacy to the children of Thomas E. Newkirk.  The judgment ought to be final, disposing of all the matters in controversy, with nothing left for the future determination of the court.  There can be but one final judgment in

a cause, and that must dispose of all the matters in issue. Deickhart v. Rutgers, 45 Mo. 132; Caulfield v. Farish, 24 Mo. App. 110; Russell v. Railroad, 154 Mo. 428; Seay v. Sanders, 88 Mo. App. 478.

VALLIANT, J.—Plaintiff, as administrator *de bonis non* with the will annexed, of the estate of Cyrus Newkirk, deceased, brings this suit in equity against the widow, children and grandchildren of the testator, praying the court to construe the will. There was a decree of the court construing the will and from that decree the plaintiff has appealed. Since the rendition of the decree the widow of the testator has died, and her administrator has been made a party to the suit. The testator left surviving him his widow, two sons, three daughters, the children of one deceased son and the children of one deceased daughter. He left an estate consisting of real and personal property. It is not necessary to copy the will here in full as it is long and as there are only two clauses of it which appellant contends were not correctly construed by the decree in the circuit court. We will therefore give our attention particularly to those two clauses.

"Clause 8. To my son, Joseph G. Newkirk and my friend, Jonathan Knight, of Linn county Missouri, I give and bequeath the sum of twenty-five hundred dollars in trust and by them to be held in trust and for the use and benefit of my daughter, Mary J. Graves, said funds to be derived from the sale of the land herein bequeathed to my beloved wife, Mary F. Newkirk, for her life, after the death of my said wife, unless my said wife and my children who by the terms of this, my will are given an interest in said lands, deem it advisable to sell said land before the death of my said wife, in which event I direct that the above legacy left in trust for my said daughter, shall be a special charge upon the money received from the sale of said lands, which said sum of twenty-five hundred dollars shall be

paid to said trustees, who I direct shall invest the same in real estate as a homestead for my said daughter, Mary J. Graves, taking the title to her for and during her natural life, and at her death to the children of her body or their descendants, share and share alike." There was no sale of the land mentioned in this clause during the life of the widow, and since her life estate has expired the land is now on hand free to be disposed of under the terms of the will. The decree appealed from directs the plaintiff, the administrator *de bonis non* with the will annexed, to sell this land in such manner as he may deem best and to the best interest of the estate "and from the amount derived from this sale he shall set aside the sum of twenty-five hundred dollars, which is to be held by him as a trust fund to be paid to Mrs. Graves in whole or in part as this court may in the future direct, and whatever surplus may remain over and above said twenty-five hundred dollars shall be applied to the payment of the debts and costs of administration as far as may be necessary."

The decree in that particular is erroneous, it is in .violation of the express requirement of the will. The will bequeaths the $2,500 to the two trustees named and requires them to invest the sum in real estate as a homestead for Mrs. Graves, "taking the title to her for and during her natural life, and at her death to the children of her body or their descendants, share and share alike." Under the terms of the will the money was not to be given to Mrs. Graves or any part of it, but to be invested in real estate for a homestead for her in which she was to have a life estate and her children a remainder in fee. [Sec. 4592, R. S. 1899.] The trustees named in that clause were the same persons who were named in the seventeenth clause of the will as executors, one of whom, Mr. Knight, declined to qualify, and the other, Joseph G. Newkirk, qualified as sole executor, but was afterwards removed by the probate court and the plain-

tiff was appointed in his stead. Those facts may have had some influence on the mind of the court in decreeing that the fund in question be held by the administrator to be disposed of by paying it to Mrs. Graves as the court might thereafter direct. But if so, they did not justify the decree. The fact that the same persons who were named as executors were also named as trustees did not merge the trusteeship in the executorship; they were separate and distinct offices. The one might be accepted and the other declined, or the duties of one might remain to be performed after the other had been fully executed. It was not necessary for the court in this suit to require the trustees to give bond and security for the faithful performance of their duty; that may be required of them hereafter in another proceeding under sections 4582 and following, Revised Statutes 1899, if it should be adjudged necessary. The plaintiff or any of the parties in interest, either before or after paying the money over to the trustees, may institute proceedings under those sections to require the security to be given or another trustee appointed. It was the duty of the court in this suit to have construed the will and not trouble itself with the result. The testator was dealing with his own property and his own child and the estate must be administered in the way he pointed out, even though the court might think there is a better way.

By the ninth clause of the will the testator bequeathed to the same trustees the sum of $2,500 for the use and benefit of the three children of his deceased son, Thomas, two girls and one boy, in the proportion of $500 to each of the girls, and $1,500 to the boy, the fund to be invested by the trustees "on as good terms as they can obtain," the shares to be paid over to the beneficiaries respectively when the boy became twenty-one years old; if either should die without lawful issue, his or her share to be divided between the survivors. The trustees were authorized to use so much of the legacy

for the grandson as they might deem advisable in educating him for the profession of law. The $2,500 was to be raised by the sale of certain land, 160 acres, belonging to the testator in Kansas. That land has, since the death of the testator, been sold and it only realized the sum of $1,988.50, which the administrator now has in hand. The decree directed the administrator to hold that fund in trust to be paid out by him to the children of the testator's deceased son, Thomas, "in whole or in part as the court may in the future direct." That part of the decree is also erroneous because it directs a disposal of the trust fund contrary to the will. The court doubtless proceeded on the idea that it could better secure the application of the money to the uses to which the testator designed it by having it held in the hands of the administrator subject to the court's future orders than by turning it over to the trustees whom the testator appointed. But the court has no right to do that; the trust must be administered as the will directs, and until the trustees refuse to act or refuse to give bond and security as required in the statute above quoted (if they should be adjudged to do so under proceedings to be instituted under the statute) or for other cause be removed from their office as trustees, they have a right to the money and the authority to invest it and use it as in the ninth clause of the will specified.

Appellant complains that the trial court failed to construe clause 3 of the will: "Clause 3. To my daughter Caroline Patton, I give and bequeath the following described real estate situated in Linn county, Missouri, to-wit: Ten acres the southeast quarter of the southeast quarter of the southeast quarter of section sixteen, in township fifty eight of range twenty, to have and to hold the same for and during her natural life and at her death to become the property absolutely of the children of her body. I give nothing more to my said daughter, Caroline, for the reason that I have already provided for her, by this day conveying to her

by deed for and during her natural life, the sixty acres of land on which she now resides." The learned trial judge doubtless thought that that clause was too plain to require construction and that is our opinion also.

Appellant assigns as error that part of the decree which requires the sale of the lands devised to Mrs. Patton and the Cherry children, and the lands charged with the legacies to Mrs. Graves and the children of Thomas, in case it should become necessary to pay the costs of the administration and debts of the estate; but as appellant in his brief says that the evidence clearly shows that the assets of the estate primarily chargeable are sufficient to pay those costs and debts, that point is immaterial.

For the errors above mentioned relating to clause 8 and clause 9 of the will the judgment is reversed and the cause remanded to the circuit court with directions to enter a decree construing those two clauses according to the views herein expressed and disposing of the case otherwise as in the original decree. All concur except *Graves, J.,* not sitting.