St. Louis Union Trust Co. and Emily L. Parker, Trustees, Estate of Herbert L. Parker, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 30630.   Promulgated October 20, 1930.

*Stanley S. Waite, Esq.*, for the petitioners.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

Murdock: The Commissioner mailed a deficiency notice to " St. Louis Union Trust Company, et al., Executors, Estate of Herbert L. Parker, St. Louis, Missouri," on July 5, 1927, notifying them of a deficiency in estate taxes in the amount of $3,522.58.

On August 22, 1927, this petition, captioned as above, was filed. The first allegation of the petition is that " The petitioners are the trustees of the estate of Herbert L. Parker, deceased, with principal offices at 323 North Broadway, St. Louis, Missouri." The petition was signed by counsel for the petitioners and verified by the trust officer of the St. Louis Union Trust Co. as one of the trustees of the estate of Herbert L. Parker. After setting forth the allegations of error, the petition contains the following allegation of fact:

H. L. Parker died December 15, 1924, leaving a will under which the St. Louis Union Trust Company and Emily L. Parker were executors. Said last will was duly probated in the Probate Court of the City of St. Louis, State of Missouri. Said executors duly filed their final settlement in said Probate Court on June 23, 1926, and having settled all liability of the estate and disclosed to the court a full settlement of their transactions they were discharged as such executors on June 23, 1926. Under the last will and testament of said Herbert L. Parker said St. Louis Union Trust Company and Emily L. Parker were appointed trustees of his estate. Pursuant to said will said parties as executors, after payment of the specific legacies contained in said will, turned over said estate to themselves as trustees and they are now in possession thereof and hold said estate as trustees under said will.

The respondent's answer admits the above allegation of fact.

Section 308(a) of the Revenue Act of 1924 is as follows:

If the Commissioner determines that there is a deficiency in respect of the tax imposed by Part I [estate tax] of this title, the executor, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the executor may file an appeal with the Board of Tax Appeals established by section 900.

The deficiency notice in the instant proceeding met the requirements of the statute and was properly mailed to the executors of the estate of Herbert L. Parker—the taxable entity against which the deficiency has been asserted. The trustees of the estate of Herbert L. Parker filed this petition based upon the deficiency notice to the executors of that estate. The Commissioner has not asserted the deficiency against the petitioners as transferees. In *Fifth Third Union Trust Co., Trustee, et al.*, 20 B. T. A. 88, the Commissioner determined a deficiency in income tax on the income received by the trustee from property received under the will, but mailed the deficiency notice to the executor of the estate, from which notice the trustee filed his petition. In dismissing the proceeding we said:

Since the proceeding * * * was not based upon a notice by the respondent to the petitioner as required by the Act we do not have jurisdiction and the proceeding will be dismissed.

See also *Edward H. Dillon, Executor*, 3 B. T. A. 1139; *Joseph Simon, Executor*, 9 B. T. A. 84.

The executors and the trustees of the estate of Herbert L. Parker are not the same legal entities. *Williams* v. *Hund*, 302 Mo. 451; 258 S. W. 703; *Judson* v. *Bennett*, 233 Mo. 607; 136 S. W. 681; *West* v. *Bailey*, 196 Mo. 517; 94 S. W. 273. Cf. *Nauts* v. *Clymer*, 36 Fed. (2d) 207. In *West* v. *Bailey, supra*, the court said:

The fact that the same persons who were named as executors were also named as trustees did not merge the trusteeship in the executorship. They are separate and distinct offices, the one might be accepted and the other declined; or the duties of one might remain to be performed after the other had been fully executed.

The situation here is that the entity against which the taxes in question were asserted, and to which the deficiency notice was mailed, no longer exists, has not petitioned the Board and is not before the Board. We accordingly enter an order of dismissal for lack of jurisdiction. *Fifth Third Union Trust Co., Trustee, et al., supra.* See also *Bisso Ferry Co.*, 8 B. T. A. 1104; *Edmund H. Fleming et al.*, 9 B. T. A. 419; *Bond, Inc.*, 12 B. T. A. 339; *Engineers Oil Co.*, 14 B. T. A. 1148; *Katherine L. Voltz, Executrix*, 16 B. T. A. 167; *Gideon-Anderson Co.*, 18 B. T. A. 329; *Van Cleave Trust*, 18 B. T. A. 486; *Hamilton Web Co.*, 19 B. T. A. 199.